

FILED IN OFFICE

JUL 2 4 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CURTIS L. DRAFTON, | : |
| **Plaintiff,** | : |
| | : |
| vs. | : |
| | : |
| SELMA PRODUCTIONS, INC., CYNTHIA | : |
| F. STILLWELL PROMOTIONS, INC., | : |
| CYNTHIA FRITTS STILLWELL, LLC, and | : |
| CYNTHIA F. STILLWELL, | : |
| | : |
| **Defendants.** | : |
| | : |

**Civil Action Number:**
2014cv248832

<u>Jury Trial Demanded</u>

### FIRST AMENDED COMPLAINT

Plaintiff Curtis L. Drafton ("Mr. Drafton"), by and through undersigned counsel and

pursuant to O.C.G.A. § 9-11-15, amends his Complaint for the purpose of adding a claim for

retaliation and shows the Court as follows:

### INTRODUCTION

1.

Mr. Drafton brings this action under the Fair Labor Standards Act of 1938 (as amended)

(29 U.S.C. § 201, *et seq.*), (hereinafter "the FLSA") to (1) recover due but unpaid minimum

wages and an additional like amount as liquidated damages; (2) recover due but unpaid overtime

compensation and an additional like amount as liquidated damages; (3) to recover damages for

illegal retaliation pursuant to the FLSA; (4) and to be reimbursed his costs of litigation, including

his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts state law claims which arise out of the same set of operating facts. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action.

4.

Venue properly lies in the Superior Court of Fulton County because one or more of the Defendants reside or do business in this County.

## THE PARTIES

5.

Mr. Drafton resides in Fulton County, Georgia.

6.

Selma employed Mr. Drafton as a Casting Assistant in and around Atlanta, Georgia and in other states from March 2014 through the present date.

7.

At all times material hereto, Mr. Drafton has been an "employee" of Selma as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

From on or about March 2014 until the present date, Mr. Drafton has been "engaged in commerce" as an employee of Selma as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Selma is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Selma has been an "employer" of Mr. Drafton as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about March 2014 until the present date, Selma was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2014, Selma had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2014, Selma had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Selma had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, Selma has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

16.

At all times material hereto, Selma did not employ Mr. Drafton in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

17.

At all times material hereto, Selma did not employ Mr. Drafton in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

18.

At all times material hereto, Selma did not employ Mr. Drafton in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

19.

At all times material hereto, Selma did not employ Mr. Drafton in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

20.

Selma is subject to the personal jurisdiction of this Court.

21.

Selma may be served with process through its registered agent Paul Garnes located at 1760 Niskey Cove Road, Atlanta, Fulton County, Georgia 30331.

22.

Stillwell Promotions has employed Mr. Drafton as a Casting Assistant in and around Atlanta, Georgia from October 2013 through the present date.

23.

At all times material hereto, Mr. Drafton has been an "employee" of Stillwell Promotions as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

24.

From on or about October 2013 until the present date, Mr. Drafton has been "engaged in commerce" as an employee of Stillwell Promotions as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

Stillwell Promotions is a corporation organized under the laws of the State of Georgia.

26.

At all times material hereto, Stillwell Promotions has been an "employer" of Mr. Drafton as defined in FLSA § 3(d), 29 U.S.C. §203(d).

27.

From on or about October 2013 until the present date, Stillwell Promotions has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

During 2014, Stillwell Promotions had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2014, Stillwell Promotions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Stillwell Promotions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, Stillwell Promotions has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

32.

At all times material hereto, Stillwell Promotions did not employ Mr. Drafton in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

33.

At all times material hereto, Stillwell Promotions did not employ Mr. Drafton in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

34.

At all times material hereto, Stillwell Promotions did not employ Mr. Drafton in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Stillwell Promotions did not employ Mr. Drafton in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

36.

Stillwell Promotions is subject to the personal jurisdiction of this Court.

37.

Stillwell Promotions may be served with process through its registered agent Cynthia F. Stillwell located at 1271 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30306.

38.

Stillwell, LLC has employed Mr. Drafton as a Casting Assistant in and around Atlanta, Georgia from October 2013 through the present date.

39.

At all times material hereto, Mr. Drafton has been an "employee" of Stillwell, LLC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

From on or about October 2013 until the present date, Mr. Drafton has been "engaged in commerce" as an employee of Stillwell, LLC as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

41.

Stillwell, LLC is a corporation organized under the laws of the State of Georgia.

42.

At all times material hereto, Stillwell, LLC has been an "employer" of Mr. Drafton as defined in FLSA § 3(d), 29 U.S.C. §203(d).

43.

From on or about October 2013 until the present date, Stillwell, LLC has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

44.

During 2014, Stillwell, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

45.

During 2014, Stillwell, LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2014, Stillwell, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

47.

At all times material hereto, Stillwell, LLC has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

48.

At all times material hereto, Stillwell, LLC did not employ Mr. Drafton in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Stillwell, LLC did not employ Mr. Drafton in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

50.

At all times material hereto, Stillwell, LLC did not employ Mr. Drafton in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

51.

At all times material hereto, Stillwell, LLC did not employ Mr. Drafton in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

52.

Stillwell, LLC is subject to the personal jurisdiction of this Court.

53.

Stillwell, LLC may be served with process through its registered agent Kate Strain located at 2905 Bull Street, Savannah, Chatham County, Georgia 31405.

54.

Ms. Stillwell resides within Fulton County, Georgia.

55.

At all times material hereto, Ms. Stillwell exercised operational control over the work activities of Mr. Drafton.

56.

At all times material hereto, Ms. Stillwell was involved in the day to day operation of the Stillwell Promotions for which Mr. Drafton worked.

57.

At all times material hereto, Stillwell Promotions vested Ms. Stillwell with supervisory authority over Mr. Drafton.

58.

At all times material hereto, Ms. Stillwell exercised supervisory authority over Mr. Drafton.

59.

At all times material hereto, Ms. Stillwell scheduled Mr. Drafton's working hours or supervised the scheduling of Mr. Drafton's working hours.

60.

At all times material hereto, Ms. Stillwell exercised authority and supervision over Mr. Drafton's compensation.

61.

At all times material hereto, Ms. Stillwell has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

62.

Ms. Stillwell is subject to the personal jurisdiction of this Court.

63.

Ms. Stillwell may be served with process at 628 John Wesley Dobbs Avenue, NE, Atlanta, Fulton County, Georgia 30312.

64.

At all times material hereto, Mr. Drafton was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

65.

At all times material hereto, Mr. Drafton was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

66.

On or about March 26, 2014, Defendants assigned Mr. Drafton to a new project "Selma".

67.

On or about March 26, 2014, Defendants advised Plaintiff that he would be paid at a rate of $150.00 for each day he worked.

68.

Defendants failed to Plaintiff at a rate of $150.00 for each day he worked.

69.

From March 26, 2014 through June 1, 2014, Defendants failed to compensate Mr. Drafton for all hours he worked on their behalf.

## COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO ALL DEFENDANTS

70.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

71.

At all times material hereto, Mr. Drafton has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

72.

From on or about March 2014 through June of 2014, Defendants failed to compensate Mr. Drafton at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

73.

From on or about March 2014 through June 2014, Defendants willfully failed to compensate Mr. Drafton at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

74.

Mr. Drafton is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

75.

As a result of the underpayment of minimum wages as alleged above, Mr. Drafton is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of minimum wages, Defendants are liable to Mr. Drafton for her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

77.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

78.

At all times material hereto, Mr. Drafton has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

79.

From March 2014 through June 2014, Mr. Drafton regularly worked in excess of forty (40) hours each week.

80.

Defendants failed to pay Mr. Drafton at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2014 to June 2014.

81.

Defendants willfully failed to pay Mr. Drafton at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2014 through June 2014.

82.

Mr. Drafton is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of overtime compensation as alleged above, Mr. Drafton is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

As a result of the underpayment of overtime compensation as alleged above, Mr. Drafton is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III– BREACH OF CONTRACT AS TO DEFENDANTS SELMA, STILLWELL PROMOTIONS AND STILLWELL, LLC

85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

86.

Mr. Drafton and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about March 2014 through June 2014.

87.

The Contract provided that Selma would pay Mr. Drafton for work that was performed by Mr. Drafton on behalf of and for the benefit of Defendants.

88.

Defendants' failure to pay Mr. Drafton any wages for work he performed from on or about March 2014 to June 2014 constitutes a material breach of the Contract.

89.

As the direct and foreseeable result of this breach, Mr. Drafton has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT AS TO DEFENDANTS SELMA, STILLWELL PROMOTIONS AND STILLWELL, LLC

90.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

91.

From on or about March through June, 2014, Mr. Drafton served as a Casting Assistant for Defendants.

92.

Mr. Drafton's service as a Casting Assistant for Defendants as described above was valuable to Defendants.

93.

Defendants requested Mr. Drafton's service as a Casting Assistant.

94.

Defendants knowingly accepted Mr. Drafton's service as a Casting Assistant.

95.

The receipt of Mr. Drafton's services as a Casting Assistant for Defendants without compensation would be unjust.

96.

Mr. Drafton is entitled to a recover from Defendants the reasonable value of the services

he provided as a Casting Assistant for Defendants, in an amount to be determined at trial.

## COUNT V- PROMISSORY ESTOPPEL AS TO DEFENDANTS SELMA, STILLWELL PROMOTIONS, AND STILLWELL, LLC

97.

The allegations in all previous paragraphs are incorporated by reference as if fully set out

in this paragraph.

98.

On or about March 26, 2014, Defendants promised to pay Mr. Drafton in return for

Plaintiff's service as a Casting Assistant for them.

99.

Defendants should have reasonably expected that Mr. Drafton would induce action in

reliance of said promise, i.e., serve as a Casting Assistant for Defendants.

100.

Defendants' promise induced Mr. Drafton to act in reliance thereof, i.e., to serve as a

Casting Assistant for Defendants, to his detriment.

101.

Mr. Drafton's service as a Casting Assistant for Defendants conferred a benefit on

Defendant.

102.

Defendants failed to pay Mr. Drafton in accordance with their promise.

103.

Mr. Drafton relied on Defendants' promise.

104.

Mr. Drafton's reliance on Defendants' promise was reasonable.

105.

Injustice can only be avoided by enforcement of Defendants' promise.

106.

Mr. Drafton is entitled to a recover from Defendants the reasonable value of the services he provided as a Casting Assistant for Defendants, in an amount to be determined at trial.

## COUNT VI – UNJUST ENRICHMENT AS TO DEFENDANTS SELMA, STILLWELL PROMOTIONS AND STILLWELL, LLC

107.

The allegations contained in the paragraphs above are incorporated by reference as if fully set forth herein.

108.

During his employment, Mr. Drafton provided services to Defendants for which he was not compensated.

109.

Defendants knowingly accepted Mr. Drafton's services without compensating Plaintiff.

110.

Defendants have been unjustly enriched by the value of Mr. Drafton's uncompensated services and are liable to him for same.

## COUNT VII – ILLEGAL RETALIATION

111.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

112.

Mr. Drafton filed the above styled action on July 11, 2014.

113.

This filing of the above civil action is protected activity within the within the meaning of the FLSA, § 215(a)(3).

114.

On Sunday, July 13, 2014, Defendant Ms. Stillwell contacted Mr. Drafton via email and advised him that she had a job opportunity for him and asked him to come to her office on Monday, July 14, 2014.

115.

On Monday, July 14, 2014, Defendant Ms. Stillwell called Mr. Drafton into her office and stated 'It has come to my attention a few minutes ago that you filed a suit against myself and

Selma. Is that true?' To which Mr. Drafton replied "Yes for back pay but you will have to talk to my lawyers about that case".

### 116.

Ms. Stillwell then stated 'Seeing as though you filed against us, our business with you is done. Thank you for coming'. At which point Ms. Stillwell put Mr. Drafton's portfolio and resume in the trash.

### 117.

On July 14, 2014, in retaliation for Mr. Drafton's protected activity, i.e. the filing of this civil action, Defendants terminated Mr. Drafton's employment, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

### 118.

In retaliation for Mr. Drafton's protected activities, i.e. the filing of this civil action, Defendants have wrongfully refused to pay Mr. Drafton his last paycheck.

### 119.

As a direct and foreseeable result of Defendants unlawful retaliation, Mr. Drafton has suffered loss of employment, loss of income, emotional distress and other damages to be proven at trial.

WHEREFORE, Mr. Drafton respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about March 2014 through June 2014 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff have and recover judgment against Defendants Selma, Stillwell Promotions and Stillwell, LLC for the state law claims asserted herein asserted in amounts to be proved at trial;

5. As to Count VII, that Plaintiff be awarded compensatory damages including lost wages, emotional distress and other damages to be proven at trial;

6. That the Court order the reinstatement of Plaintiff to his former position or provide Plaintiff front pay in lieu of reinstatement;

7. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

8. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF

- 22 -

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CURTIS L. DRAFTON,                         :
                                           :
        Plaintiff,                         :
                                           :        Civil Action Number:
vs.                                        :        2014CV248832
                                           :
SELMA PRODUCTIONS, INC., CYNTHIA           :        Jury Trial Demanded
F. STILLWELL PROMOTIONS, INC.,             :
CYNTHIA FRITTS STILLWELL, LLC, and         :
CYNTHIA F. STILLWELL,                      :
                                           :
        Defendants.                        :
                                           :

## CERTIFICATE OF SERVICE

I certify that on July 24, 2014, I have served the foregoing First Amended Complaint

upon all Defendants by depositing a true copy thereof in the United States mail with adequate

postage thereon to ensure delivery, to Defendants' last known addresses as follows:

Selma Productions, Inc.
By and through its registered agent
Paul Garnes
1760 Niskey Cove Road
Atlanta, Georgia 30331

Cynthia F. Stillwell Promotions, Inc.
By and through its registered agent
Cynthia F. Stillwell
1271 Briarcliff Road, NE,
Atlanta, Georgia 30306

Cynthia Fritts Stillwell, LLC
By and through its registered agent
Kate Strain
2905 Bull Street
Savannah, Georgia 31405

Cynthia F. Stillwell
628 John Wesley Dobbs Avenue, NE
Atlanta, Georgia 30312

1

DELONG CALDWELL BRIDGERS &
FITZPATRICK, LLC

Charles R. Bridgers
Georgia Bar No. 080791
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

2